Filed 3/14/22  P. v. Nava CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERTO NAVA,<br><br>    Defendant and Appellant. | H048970<br>(Santa Clara County<br>Super. Ct. No. C1806997) |

Defendant Roberto Nava appeals from the stipulated judgment entered following his no-contest pleas.  His appointed counsel filed a brief that states the case and the facts but raises no arguable issues, citing *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We notified Nava of his right to submit written argument of his own behalf, and he has not done so.  In our independent review of the record on appeal, we find no arguable issues.

The prosecution charged Nava in the operative first amended felony complaint with violations of Penal Code section 289, subdivision (a)(1)(A)[1] (count 1); section 243.5, subdivision (e)(1) (count 2); section 264, subdivision (C)(2) (counts 3 and 4); section 289, subdivision (a)(1)(C) (counts 5 and 6).

On October 29, 2020, with Nava's assent and waiver of arraignment, the trial court granted the prosecution's oral motion to amend count 1 of the first amended complaint to

_____

[1] Undesignated statutory references are to the Penal Code.

correct the identification of the victim as Jane Doe 1. The same day, pursuant to a negotiated written agreement, Nava pleaded no contest to count 1 (§ 289, subd. (a)(1)(A)) and count 5 (§ 289, subd. (a)(1)(C)) of the first amended felony complaint, waiving his right to preliminary hearing and trial. Nava in his written plea agreement acknowledged that he was subject to a parole term of up to 10 years. The parties agreed that Nava would be sentenced to an aggregate term of 14 years in state prison.

The postplea probation report recited the facts underlying counts 1 and 5, based on law enforcement reports and the statement of Jane Doe 1, Nava's daughter. As to count 5, from September 1, 2017, to March 31, 2018, Nava engaged in sexual intercourse four times with Jane Doe 2, a friend of Jane Doe 1. Jane Doe 2, "16 or 17 years of age at the time of the sexual encounters," was residing with Nava's family. She felt intimidated by Nava and agreed to have sex with him because he gave her " 'things' and money, which made her feel obligated." When Jane Doe 2 became pregnant, Nava asked her if he was the father, but she told him she believed the father of her child was her boyfriend. She was also subjected to other forms of sexual contact. Nava was aware of Jane Doe 2's minority, because he had asked her age.

As to count 1, the probation report disclosed that on November 25, 2018, Nava was living apart from his family, but his daughter, Jane Doe 1, was visiting overnight. Jane Doe 1, then 16, woke at 1:30 a.m. to find Nava penetrating her vagina with his fingers. Nava was masturbating and told his daughter he wanted "to try again." Jane Doe 1 smacked his hand, saying "No, that's not okay. I'm your daughter." Nava was arrested the following day.

On February 2, 2021, the trial court sentenced Nava to 8 years in state prison on count 5, and a consecutive term of 6 years on count 1, with credit for 800 actual days and 120 days per section 4019 as limited by section 2933.1. Pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), the court imposed but stayed the $300 fine and penalty assessment otherwise required under section 290.3, the $300 restitution fine

2

under section 1202.4, subdivision (b)(2), and a further $300 restitution fine under section 1202.45.  Also pursuant to *Dueñas*, the court likewise waived the then-obligatory court security fee, criminal conviction assessment fee and criminal justice administration fee.  The court further issued 10-year criminal protective orders for the protection of both victims.

In his timely notice of appeal, Nava limited the scope of his appeal to "the sentence or other matters occurring after the plea that do not affect the validity of the plea."

Having independently reviewed the record on appeal, we conclude there are no arguable issues.  (*Wende*, *supra*, 25 Cal.3d 436.)

The judgment is affirmed.

_____

LIE, J.

WE CONCUR:

_____

GREENWOOD, P.J.

_____

GROVER, J.

*People v. Nava*
**H048970**